United States District Court
for the
Southern District of Florida

Fednav International Ltd., Plaintiff, )
)
v. ) Civil Action No. 19-22775-Civ-Scola
) **In Admiralty**
)
Allpine Worldwide Ltd., Defendant. )

### Order on Attachment and Appointment of Process Server

Plaintiff Fednav International Ltd. filed an unsealed verified complaint in this action on July 5, 2019, seeking, among other things, "security for subsequent enforcement of any arbitral awards and judgments" against Defendant Allpine Worldwide Ltd. for various maritime claims. (Compl. ¶ 36, ECF No. 1, 7.) The Court has subject-matter jurisdiction over this matter based upon the admiralty and maritime jurisdiction of the United States. 28 U.S.C. § 1333; *California v. Deep Sea Research, Inc.,* 523 U.S. 491, 501 (1998) (the judicial power of federal courts extends to all cases of admiralty and maritime jurisdiction). Pending before the Court now are Fednav's (1) motion for an order issuing maritime attachment and garnishment (Pl.'s Mot. for Attachment, ECF No. 4) and (2) motion for the appointment of a special process server (Pl.'s Mot. for Appt., ECF No. 5.) For the reasons that follow, the Court **grants** both motions. (**ECF Nos. 4 & 5**.)

The dispute between the parties here stems from Fednav's charter of Allpine's ocean-going cargo vessel M/V Gea. According to Fednav, Allpine breached its obligations under the parties' charter agreement, resulting in costly delays to the delivery of Fednav's cargo. (Compl. at ¶¶ 11–21, 29.) After demand, Allpine has failed to pay amounts Fednav says it is owed as a result of Allpine's breach. (Mot. for Attachment at 2.) The charter agreement provides that all disputes between the parties are to be arbitrated in London, England. Fednav has initiated the arbitration proceedings and now, in the meantime, seeks security for its claim against Allpine in the amount of $1,173,000. (*Id.*)

Attachment in maritime actions is governed by Rules B and E of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. "To secure a writ of attachment [under Rule B], a plaintiff must establish the following four prerequisites: '(1) it has a valid prima facie admiralty claim against the defendant; (2) the defendant cannot be found within the district; (3) the defendant's property may be found within the district; and (4) there is no statutory or maritime law bar to the attachment.'" *Denali Shipping LP v. Van Oil Petroleum Ltd.,* 18-22364-CIV, 2018 WL 7820217,

at *2 (S.D. Fla. Aug. 31, 2018) (Moreno, J.) (quoting *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006), *abrogated on other grounds by Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009). Once presented, "[t]he court must review the complaint and affidavit and, if the conditions of . . . Rule B appear to exist, enter an order so stating and authorizing process of attachment and garnishment." Fed. R. Civ. P. Supp. R. B(1)(b). Thereafter, a defendant may challenge the attachment under Rule E and seek its vacatur. Fed. R. Civ. P. Supp. R. E.

Here, Fednav has sufficiently pleaded (1) an admiralty claim against Allpine (*e.g.*, Compl. at ¶ 3); (2) that Allpine cannot be "found" within the district, within the meaning of the rule (*id.* at ¶ 32; Blanck Aff., ECF No. 4-1); and (3) that Allpine has, or shortly will have, property subject to attachment or garnishiment in this district (Compl. at ¶ 32–33). And it further appears there is no statutory or general maritime bar preventing attachment. *E.g.*, *W. of England Ship Owners Mut. Ins. Ass'n (Luxembourg) v. McAllister Bros., Inc.*, 829 F. Supp. 125, 127 (E.D. Pa. 1993) ("[S]o long as a plaintiff has satisfied the requirements under Rule B, a pending arbitration does not preclude attachment . . . available in admiralty or maritime cases.").

Because the Court finds Fednav has met its initial burden in seeking attachment under Rule B, the Court **orders** as follows:

(1) Process of maritime attachment shall issue against all property belonging to or being held for Defendant Allpine Worldwide Ltd. by Banco Sabadell, at 1111 Brickell Avenue, Suite #3010, Miami, Florida, up to and including the amount of $1,173,000.00.

(2) Any person claiming an interest in any property attached or garnished pursuant to this order is, upon application to the Court, entitled to a hearing at which Fednav will be required to show cause why the attachment or garnishment should not be vacated.

(3) Supplemental process enforcing the Court's order may be issued by the Clerk upon application without further order of the Court.

(4) The Court specially appoints Caplan & Caplan to serve the complaint and process of maritime attachment and garnishment upon any garnishee in this action.

**Done and ordered** at Miami, Florida, on June 9, 2019.

_____
Federico A. Moreno
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
"IN ADMIRALTY"

CASE NO: 19-22775-RNS

FEDNAV INTERNATIONAL LTD,

    Plaintiff,

vs.

ALLPINE WORLDWIDE LTD.,

    Defendant.
_____/

## AMENDED SUMMONS AND PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT

TO: THE UNITED STATES MARSHAL FOR THE SOUTHERN DISTRICT OF FLORIDA OR A COURT ORDERED SPECIAL PROCESS SERVER AS DESIGNATED BY THE COURT

GREETING:

    WHEREAS, on the 5th day of July, 2019, Fednav International Ltd. filed a complaint against Allpine Worldwide Ltd., for reasons in said complaint mentioned for the sum of $1,173,000.00 and praying for process of marine attachment and garnishment against the said Defendant and BANCO SABADELL.

    WHEREAS, this process is issued pursuant to such prayer and requires that a garnishee shall serve his answer within twenty-one (21) days after service of process upon him and requires that a defendant shall serve his answer within thirty (30) days after process has been executed, whether by attachment of property or service on the garnishee,

    NOW, THEREFORE, you are hereby commanded that if the said defendant cannot be found within the District you attach monies, goods, chattels, credits and effects located and to be found at 1111 Brickell Avenue, Suite #3010, Miami Florida in the hands of Banco Sabadell, the garnishee, up to the amount sued for, to-wit: $1,173,000.00 and how you shall have executed this process, make known to this Court with your certificate of execution thereof written.

WITNESS THE HONORABLE

_____
Judge of said Court at Miami, Florida, in said District, this ___9___ day of July, 2019.

BY: ___ s/K.Pierre _____
Deputy Clerk

Certified to be a true and correct copy of the document on file
Angela E. Noble, Clerk,
U.S. District Court
Southern District of Florida
By_____Ketly Pierre_____
Deputy Clerk
Date __Jul 9, 2019__

F. NOBENO

NOTE: This process is issued pursuant to Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.
Effective Dec. 1, 1994. Amended effective April 15, 2001; April 15, 2007; April 15, 2010; April 15, 2011.